UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

[Filed Electronically]

**CHRISTOPHER OLDSON,**

    **PLAINTIFF**

**v.**

**COL. PHILLIP BURNETT, JR., Individually**
Serve: Office of the Commissioner
    Kentucky State Police Headquarters
    919 Versailles Road
    Frankfort, KY 40601

**LT. COL. MICHAEL ROGERS, Individually**
Serve: Office of the Commander of the Operations Division
    Kentucky State Police Headquarters
    919 Versailles Road
    Frankfort, KY 40601

**MAJOR DARREN STAPLETON, Individually**
Serve: Office of the East Troop Commander
    Kentucky State Police Headquarters
    919 Versailles Road
    Frankfort, KY 40601

**CAPT. ERIC WALKER, Individually**
Serve: Office of the Post Commander
    Kentucky State Police Post 5
    160 Citation Lane
    Campbellsville, KY 40011

**TROOPERS SEAN FELICICCHIA, JOSHUA REXROAT, SHELDON KAPP, CHASE GILBERT, and COLIN BRYANT, All Individually**
Serve: Kentucky State Police Post 5
    160 Citation Lane
    Campbellsville, KY 40011

    **DEFENDANTS.**

# **COMPLAINT**

### I.  Jurisdiction and Venue

1. Plaintiff Christopher Oldson is the latest victim of an ongoing pattern of excessive force and brutal beatings inflicted by troopers of the Kentucky State Police ("KSP"). Plaintiff seeks damages from Defendants identified above under the Civil Rights Act of 1871, 42 U.S.C. §1983, for their objectively unreasonable, gross and unconscionable use of excessive force in violation of Plaintiff's rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 38 U.S.C. §§1331 and 1343. Plaintiff also brings state law claims for negligence, gross negligence, assault, and battery pursuant to the supplemental jurisdiction of this Court granted by 28 U.S.C. §1367. Because Henry County, Kentucky is the location of all acts pertinent to this suit, venue is proper in this Court.

### II.  Parties

2. Plaintiff resides in Henry County, Kentucky.

3. Defendants Burnett, Rogers, Stapleton, and Walker ("the Supervisory Defendants") at all times mentioned herein were responsible for the establishment and enforcement of policies either formally or by custom for, and the employment and/or continued employment, training, supervision and conduct of, the Defendant Troopers.

4. Defendant Troopers Sean Felicicchia, Joshua Rexroat, Sheldon Kapp, Chase Gilbert, and Colin Bryant ("the Troopers") directly and personally participated in Plaintiff's mistreatment described below.

### III.  Nature of Defendants' Conduct

5. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky, and

knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below in their individual capacities. On information and belief, the offenses described below resulted from the failure of the Supervisory Defendants to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate policies and procedures either formally or by custom or to enforce existing policies and procedures to protect the constitutional rights of American citizens like Plaintiff. Defendants' conduct was intentional, objectively unreasonably, malicious, and grossly negligent, and justifies an award of actual and punitive damages.

### IV.    Facts

6.     On May 25, 2022, the Troopers were dispatched to Plaintiff's place of residence due to reports of a domestic disturbance.

7.     On arrival, the Troopers saw Plaintiff outside the residence.

8.     Plaintiff was unarmed, and was not threatening or presenting a risk of harm to anyone or anything.

9.     When Plaintiff saw the Troopers, he immediately knelt on the ground and put his hands behind his head.

10.    The Troopers then immediately and without any justification assaulted, and viciously attacked and battered Plaintiff, throwing him face down on the gravel on which he knelt, and pummeling him with their fists and kicking him with their feet.

11.    After beating Plaintiff, Defendants brought him to his feet and handcuffed him.

12.    After Defendants could find no evidence at the scene that Plaintiff had engaged in any misconduct warranting the attention of law enforcement, he was released from the handcuffs.

13. After being released from the handcuffs the first time, Plaintiff was again put into handcuffs a second time without being advised of any suspected criminal violation and without any reasonable fear for officer safety.

14. Plaintiff was eventually released from the handcuffs, and he was not cited, arrested, for or charged with any offense.

15. On information and belief, the Troopers, with the assistance of one or more the Supervisory Defendants, covered up their brutal assault on and battery of Plaintiff. But unknown to the Troopers, their gross misconduct was captured and filmed by a security camera outside Plaintiff's residence.

16. The fact that five troopers participated or acquiesced in the brutal mistreatment and beating of Plaintiff under the circumstances of this case shows that such misconduct is neither anomalous or unusual.  Indeed, at present, three other KSP troopers are under federal indictment and awaiting trial in the Eastern District at London for the brutal beating of Bradley Hamblin (see Case Nos. 6:20-CV-245-KKC-HAI and 22-CR-41-CHB).  The KSP settled a federal claim brought after two KSP troopers in 2020 brutally beat a man in his home and then lied to cover it up – before they discovered that, like this case, their misconduct had been captured on a home security camera. These repeated instances of KSP trooper misconduct and thuggery make a mockery of their pledge that "as a law enforcement officer, my fundamental duty is to serve mankind; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to respect the constitutional rights of all persons to liberty, equality and justice."[1]

---

[1] https://kentuckystatepolice.org/core-values.

17. For years preceding the incident made the basis of this Complaint, the KSP have been beset by scandals involving training in the "Warrior Mindset"[2] and its sham investigations and routine exonerations of officers that were the subject of investigations of misconduct[3], both of which fostered among KSP troopers a culture of brutality and impunity. The Supervisory Defendants have failed and refused to implement the reforms and remedial training necessary to eradicate such a culture. The Supervisory Defendants even failed and refused to equip KSP troopers with dashcams or bodycams prior to the incident in this case to discourage officer misconduct and to aid in its investigation. Such failures led directly to the brazen and shocking physical attack on Plaintiff. As exemplified by KSP's own website, its officers and employees do not regard themselves as public servants, but as a besieged "Thin Gray Line"[4] entitled to special treatment and little-to-no oversight.

### V.    Causes of Action

### Count 1

18. The Troopers' mistreatment of Plaintiff was objectively unreasonable, intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference to Plaintiff's safety and welfare as well as his rights and the risk of harm to him occasioned by such conduct. The Supervisory Defendants acquiesced in, contributed to, encouraged, implicitly authorized or approved the Troopers' conduct.

---

[2] See https://www.courier-journal.com/story/news/local/2020/11/19/ksp-has-trained-cadets-ruthless-killer-ideology-decades/6324601002. The training materials quoted from Adolf Hitler and encouraged troopers to "[b]e the loving father, spouse, and friend as well as the ruthless killer."

[3] See https://www.themarshallproject.org/2021/08/19/where-lots-of-police-shootings-draw-little-scrutiny. Although Kentucky ranks 26th among states by population, between 2015 and 2020 KSP troopers killed more people in rural communities than any other law enforcement agency in America.

[4] Home page, https://kentuckystatepolice.org.

19. As a result of the foregoing, Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983.

### Count 2

20. By virtue of the foregoing, Defendants were negligent and grossly negligent.

### Count 3

21. By virtue of the foregoing, the Troopers assaulted and battered Plaintiff.

### VI. Damages

22. Plaintiff is entitled to recover for the mental and physical pain and suffering he has experienced in the past and will experience in the future as a result of Defendants' misconduct. In addition, Defendants' violation of Plaintiff's constitutional and common law rights was intentional, cruel, gross, reckless, and malicious, entitling Plaintiff to recover punitive damages to deter such conduct in the future.

**WHEREFORE**, Plaintiff requests a trial by jury of all allegations set forth herein, and that he be awarded his actual and punitive damages with pre- and post-judgment interest, attorneys' fees pursuant to 42 U.S.C. §1988, costs, and all other relief to which he entitled under law or in equity.

Respectfully submitted,

/s/ Gregory A. Belzley
Gregory A. Belzley
gbelzley3b@gmail.com
P.O. Box 278
Prospect, KY 40059
502/292-2452

Michael L. Hawkins
mhawkins@mlhlawky.com
Michael L. Hawkins & Associates, PLLC

420 Ann Street
P.O. Box 595
Frankfort, Kentucky 40602-0595
502/223-3459 Office
502/223-2900 Facsimile

***Counsel for Plaintiff***